KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

BY: RICHARD L. JOHNSON
AND THOMAS C. STERLING

Attorneys for *Defendant Mobil Oil Guam Inc.*

FILED
DISTRICT COURT OF GUAM
AUG 20 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| HORIZON LINES, LLC, | ) | CIVIL CASE NO. 03-00023 |
| Plaintiff, | ) | |
| vs. | ) | ANSWER OF DEFENDANT MOBIL OIL GUAM INC. |
| MOBIL OIL GUAM INC. | ) | |
| Defendant. | ) | |

**COMES NOW**, the Defendant herein, **MOBIL OIL GUAM INC.** ("Mobil"), and in response to the Complaint filed herein by Plaintiff **HORIZON LINES, LLC** ("Horizon") admits, denies and alleges as follows:

1. Mobil is without sufficient information or belief to formulate a response to the allegations contained in paragraphs 1, 2, 3, 4, 18, 19, 20, 21, 22 and 23 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

2. Mobil denies generally and specifically each and every allegation contained in paragraphs 11, 12, 15, 16, 24, 31, 32,

ORIGINAL

33, 34, 37, 38, 39, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52 and 53 of the Complaint.

3. With respect to paragraph 5 of the Complaint, Mobil admits only that its correct name is "Mobil Oil Guam Inc.", that it is a Guam corporation duly licensed to do business in Guam and that it wholesales and retails petroleum products in Guam. Mobil denies generally and specifically each and every remaining allegation contained within paragraph 5 of the Complaint.

4. With respect to paragraph 6 of the Complaint, Mobil admits only that certain petroleum products which it markets are combustible under certain conditions. Mobil denies generally and specifically each and every remaining allegation contained in said paragraph 6 of the Complaint.

5. With respect to paragraph 7 of the Complaint, Mobil admits only that it stores various petroleum products and gasoline at various storage tanks either owned or leased by Mobil at Guam's primary civilian port at Cabras Island, Piti, Guam. Mobil denies each and every remaining allegation of said paragraph 7.

6. With respect to paragraph 8 of the Complaint, Mobil admits only that the storage of petroleum products by Mobil is conducted under standards established by Mobil and various government entities with jurisdiction over such activities.

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 8.

7. With respect to paragraph 9 of the Complaint, Mobil admits only that the storage of certain of its petroleum products must comply with Guam Fire Department regulations. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 9.

8. With respect to paragraph 10 of the Complaint, Mobil admits only that certain storage facilities and equipment leased or owned by it at Cabras Island, Piti, Guam were damaged during Typhoons Chataan and Halong in July of 2002. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 10.

9. With respect to paragraph 13 of the Complaint, Mobil admits only that on Sunday, December 8, 2002, Super Typhoon Pongsona hit the island of Guam, and that based on available weather reports Mobil, as well as most other people in Guam, believed Super Typhoon Pongsona would miss Guam until either the day before or the day that the typhoon struck. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 13.

10. With respect to paragraph 14 of the Complaint, Mobil admits only that during the storm, one of Mobil's storage tanks ignited and that thereafter the fire spread to other storage

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 3 -

tanks. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 14 of the Complaint.

11. With respect to paragraph 17 of the Complaint, Mobil admits only that either before, during or after Super Typhoon Pongsona, the captain of the port or Government of Guam officials restricted access to the port. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 17 of the Complaint.

12. With respect to paragraphs 26 through 30 and 40 of the Complaint, Mobil admits only that it is under a general duty to exercise reasonable care in the conduct of its activities. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 26 through 30 and 40.

13. With respect to paragraph 36 of the Complaint, Mobil admits only that under certain conditions, certain of its petroleum products are combustible. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 36.

14. With respect to paragraph 47 of the Complaint, Mobil admits only that it is aware that certain of its petroleum products are combustible under certain conditions. Mobil denies generally and specifically each and every remaining allegation contained within said paragraph 47.

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

15. With respect to paragraphs 25, 35 and 46 of the Complaint, Mobil incorporates herein its responses to the paragraphs of the Complaint therein referenced.

**AFFIRMATIVE DEFENSE**

1. This Court may lack subject matter jurisdiction over the claims alleged in the Complaint.

2. The Complaint fails to state claims upon which relief may be granted.

3. The damages alleged by Horizon were caused, in whole or in part, by factors other than actions or inactions of Mobil.

4. Horizon's alleged damages were, in whole or in part, the result of an act of God.

5. Upon information and belief, Horizon failed to mitigate its alleged damages.

6. The damages alleged by Horizon were caused, in whole or in part, by the intervening or concurring negligent or intentional acts or omissions of third parties.

7. The damages alleged by Horizon were caused, in whole or in part, by the intervening or concurring negligent or intentional acts or omissions of Horizon.

8. The damages alleged in the Complaint resulted, in whole or in part, from the negligent or careless conduct of Horizon and the amount of damages recoverable from Mobil, if any, must be reduced by an amount commensurate to the percentage of causal negligence attributable to Horizon.

- 5 -

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

9. The damages alleged in the Complaint resulted, in whole or in part, from the negligent and careless conduct of Horizon and the percentage of causal negligence attributable to Horizon is equal to or greater than that, if any, attributable to Mobil so that Horizon's claims are barred in their entirety.

10. Mobil is informed and believes and thereon alleges that Horizon is not the real party in interest in connection with some of the claims being alleged in this action and that Horizon lacks standing to bring such claims.

11. Horizon assumed the risk of its alleged damages.

12. Punitive damages are not recoverable for the claims alleged in the Complaint under 20 G.C.A. § 2111 (formerly Guam Civil Code § 3294).

13. Horizon's claims for punitive damages are barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by 48 U.S.C. § 1421b(e) because the law of Guam governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages. A state or territory may constitutionally award punitive damages only if the law of that state or territory provides significant and effective procedural protections to Mobil, which the law of Guam does not.

14. Horizon's claims for punitive damages are barred by the Due Process Clause of the U.S. Constitution, amend. V and

- 6 -

XIV, § 1, and by 48 U.S.C. § 1421b(e) because Mobil lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of Guam, or of the amount of such damages that could be awarded. The lack of fair notice bars any award of punitive damages; "Elementary notice of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996).

15. Horizon's claims for punitive damages are barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by 48 U.S.C. § 1421b(e) because the law of Guam fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

16. Horizon's claims for punitive damages are barred by the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3, because the transactions alleged in Horizon's Complaint took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce.

//

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

17. Horizon's claims for punitive damages are barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and by 48 U.S.C. § 1421b(e) because the law of Guam permits the introduction of evidence of a defendant's financial condition or "net worth" with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on Mobil's status as an industrial enterprise.

**DATED** this 20th day of August, 2002.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Mobil Oil Guam Inc.*

J49\50556-201
G:\WORD97\OFFICE\WORDDOC\MOGI\PLD\734-ANSWER RE HORIZON LINES V MOGI.DOC

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857